(Pleito No. 37.—Fallado el 6 de Abril de 1900.)

## HERNAIZ contra JORDÁN.

RECURSO contra sentencia dictada por el Tribunal de Distrito de San Juan.

1.—SUSPENSIÓN DE PAGOS.   El plazo de 48 horas mencionado en el artículo 871 del Código de Comercio empieza á correr cuando se hace distinta y definitivamente la reclamación del pago de la deuda y dicho pago no se satisface.

2.—SOBRE EL MISMO PUNTO.   La proposición hecha á los acreedores de pagar la integridad de las deudas en tres años con intereses hasta el día de la presentación en suspensión de pagos, pero sin intereses durante dichos tres años, no infringe el artículo 872 del Código de Comercio, el cual se refiere á las deudas existentes al tiempo de hacerse la instancia solicitando el estado de suspensión de pagos.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á seis de Abril de mil novecientos, en el expediente de suspensión de pagos,

instado por Don Tomás Jordán Santamaría, comerciante vecino de Utuado, é incidente seguido en el suprimido Juzgado de 1ª Instancia de dicha Ciudad y en el Tribunal del Distrito de San Juan, por la razón social Hernaiz y Cª, domiciliada en esta Capital, con dicho Jordán, sobre nulidad de actuaciones; pendiente ante Nos en virtud de recurso de casación por infracción de ley, interpuesto por dicha sociedad, representada y dirigida por el Letrado Don Herminio Díaz Navarro, habiéndolo estado Jordán, parte recurrida, por el Letrado Don Juan Hernández López.—Resultando: Que Don Tomás Jordán Santamaría, vecino y comerciante de Utuado, acudió al Juzgado de dicha Ciudad con escrito fecha once de Enero del año próximo pasado, en el cual, invocando el artículo 871 del Código de Comercio, modificado por Real Decreto de veinte y cinco de Junio de mil ochocientos noventa y siete, pidió se le declarara en estado de suspensión de pagos, y ofrecía pagar la integridad de sus deudas concediéndosele la espera de tres años, sin intereses, habiendo acompañado á su instancia relación circunstanciada de los bienes que constituían su activo, importante ochenta y nueve mil setecientos setenta y ocho pesos ochenta y dos centavos, y otra de los acreedores que constituían el pasivo, ascendente á cincuenta mil setecientos nueve pesos cuarenta y seis centavos, existiendo una diferencia ó sobrante de treinta y nueve mil sesenta y nueve pesos cuarenta y cinco centavos, y figurando entre los acreedores la sociedad mercantil de esta Capital, Hernaiz y Cª, por cantidad de cuatro mil novecientos noventa y nueve pesos once centavos.—Resultando: Que el Juez de Utuado, por auto de trece de Enero citado, declaró en estado de suspensión de pagos á Don Tomás Jordán, mandando se convocara á todos sus acreedores para la junta que había de tener lugar el día cinco del mes de Abril del expresado año.—Resultando: Que en escrito de siete de Marzo del propio año, la sociedad Hernaiz y Cª formuló demanda incidental en el expediente de suspensión de pagos, para que con suspensión del proce-

dimiento se declarara nulo todo lo actuado, y en estado de
quiebra á Don Tomás Jordán, con imposición de costas, ale-
gando en apoyo de su pretensión que Jordán había confe-
sado deber á la referida sociedad la suma de cinco mil tres-
cientos diez y ocho pesos cincuenta y cuatro centavos, que
se comprometió á pagar en cuatro de Octubre y treinta y
uno de Diciembre de mil ochocientos noventa y siete y
treinta y uno de Diciembre de mil ochocientos noventa y
ocho, con el interés del doce por ciento anual, y habiéndole
reclamado varias veces por medio de cartas el pago de esa
deuda, sin conseguirlo, solicitó en cuatro de Enero de mil
ochocientos noventa y nueve, embargo de bienes del Jordán
por la expresada suma, intereses y costas, como así se acordó
en el mismo día, requiriéndosele de pago sin resultado el
diez del mismo Enero, en que también se practicó la traba,
y al día siguiente se presentó Jordán en suspensión de pa-
gos, ofreciendo á sus acreedores pagarles íntegros sus cré-
ditos, sin intereses, en el término de tres años, por todo lo
cual era claro que Jordán no sólo se había presentado en sus-
pensión de pagos fuera de las cuarenta y ocho horas siguien-
tes al vencimiento de la deuda, sino que además había pre-
tendido quita ó rebaja del crédito de Hernaiz y Cª que se
obligaba á pagar sin intereses, no obstante haberse pactado
lo contrario, y en su virtud procedía la declaratoria de nuli-
dad pedida en armonía con lo que previenen los artículos
871 y 872 del Código de Comercio ya citado, invocando
además en apoyo de su pretensión los artículos 315 y 526
del mismo Código, el artículo 1,108 del Código Civil y la
sentencia del Tribunal Supremo de Justicia de diez y ocho
de Febrero de mil ochocientos noventa y siete, según la cual
el término de cuarenta y ocho horas á que se refiere el
artículo 871 del Código de Comercio, debe contarse desde el
día siguiente al del vencimiento de la obligación, en oposi-
ción con la de veinte y siete de Febrero de mil ochocientos
ochenta y nueve, según la cual dicho término empieza á
contarse desde que haya sido reclamada la obligación ven-

cida.—Resultando: Que conferido traslado con suspensión de todo trámite á Don Tomás Jordán, solicitó se desestimara la demanda, afirmando y sosteniendo el estado de suspensión de pagos y denegando el de quiebra, á cuyo fin alegó haberse presentado en aquel estado dentro de las cuarenta y ocho horas á que se refiere el artículo 871 del Código de Comercio, contadas en la forma y manera que indican las sentencias del Tribunal Supremo de Justicia de veinte y siete de Febrero de mil ochocientos ochenta y nueve y once de Febrero de mil ochocientos noventa y cinco, ó sea desde que se le reclamó formalmente el pago de la deuda en diez de Enero de mil ochocientos noventa y nueve, en que á instancia de Hernaiz y Cª se practicó el embargo preventivo de sus bienes; agregando que la proposición de convenio, en lo que afecta al no pago de intereses, se refiere á las cuentas en que no se pactaron, y que la sentencia del Tribunal Supremo de Justicia de diez y ocho de Febrero de mil ochocientos noventa y siete, ni en su letra ni en su espíritu desvirtúa la jurisprudencia establecida en sentencias anteriores sobre el modo de computar las cuarenta y ocho horas siguientes al vencimiento de una obligación no satisfecha, ó sea, desde que sea reclamado en forma el cumplimiento de la misma.— Resultando: Que abierto el incidente á prueba, la sociedad Hernaiz y Cª presentó copias de cinco cartas, con fecha cinco y diez de Julio de mil ochocientos noventa y ocho, y diez y ocho, veinte y cuatro y treinta y uno de Diciembre del mismo año, que dice haber dirigido á Don Tomás Jordán, y que cotejadas con las que obran en los libros copiadores de cartas de la referida casa, resultaron conformes, habiendo presentado además cuatro cartas contestación de aquéllas, con fechas siete y doce de Julio de mil ochocientos noventa y ocho, y veinte y veinte y siete de Diciembre del propio año, firmadas por Don Luis Jordán, como apoderado de Don Tomás Jordán, quien no las ha reconocido; relativas unas y otras al crédito de Hernaiz y Cª contra dicho señor.—Resultando: Que á instancias de Hernaiz y Cª, se trajo á los

autos certificación expedida con vista del juicio ejecutivo seguido por Hernaiz y Cª contra Don Tomás Jordán Santamaría en cobro de pesos, de cuyo documento aparece que la cantidad reclamada en dicho juicio es de cinco mil trescientos diez y ocho pesos cincuenta y cuatro centavos; que en él existen tres obligaciones ó pagarés suscritos por Don Tomás Jordán, uno por trescientos noventa pesos cuarenta centavos, á vencer en cuatro de Octubre de mil ochocientos noventa y siete; otro por dos mil ciento quince pesos ocho centavos, á vencer en treinta y uno de Diciembre del mismo año, y el tercero por dos mil doscientos ocho pesos con sesenta y cinco centavos, á vencer en treinta y uno de Diciembre del año siguiente, partida que dan el total de cuatro mil setecientos catorce pesos trece centavos, con cláusula los tres de que en el caso de que no pudiera verificarse el pago en las fechas de los vencimientos y se concediera al deudor alguna prórroga, se obligaba éste á satisfacer el doce por ciento de interés anual correspondiente á la demora, habiendo además en el mencionado juicio una cuenta corriente con un saldo á favor de Hernaiz y Cª por cinco mil trescientos diez y ocho pesos cincuenta y cuatro centavos, que no está suscrita por Jordán: y que en diez de Enero de mil ochocientos noventa y nueve, al practicarse embargo preventivo en el juicio de referencia, fué requerido de pago Don Tomás Jordán, quien manifestó que carecía en absoluto de metálico con que efectuar el pago que se le reclamaba y ponía á disposición de su acreedor los bienes que designó como de su propiedad.—Resultando: Que el Tribunal de Distrito de San Juan, por sentencia de doce de Octubre del año próximo pasado, confirmatoria de la del Juzgado de 1ª Instancia, declaró no haber lugar al incidente de nulidad promovido por Hernaiz y Cª, con las costas de ambas instancias á su cargo, entre otros fundamentos por no resultar de la prueba practicada que se hubiera hecho á Don Tomás Jordán Santamaría otra reclamación que la que entraña el acto del embargo realizado el diez de Enero de mil ochocientos noventa y nueve.—Resultando:

Que contra esa sentencia han interpuesto Hernaiz y C.ª recurso de casación por infracción de ley y de doctrina, autorizado por el número 1? del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando como infringidos.—1? El artículo 871 del Código de Comercio, reformado por Real Decreto de veinte y cinco de Junio de mil ochocientos noventa y siete, en harmonía con la doctrina sentada en repetidas sentencias del Tribunal Supremo de España, y especialmente en las de veinte y siete de Febrero y trece de Diciembre de mil ochocientos ochenta y nueve, y diez y ocho de Febrero de mil ochocientos noventa y siete, toda vez que se sostiene el estado de suspensión de pagos en que se colocó el señor Jordán, después de haber transcurrido más de cuarenta y ocho horas de habérsele pedido el cumplimiento de obligaciones vencidas con anterioridad, sin que las satisficiera.—2? El párrafo 2? del artículo 872 del Código citado, por cuanto el proponer Jordán á sus acreedores que les pagaría en tres años sus respectivos créditos, sin intereses, implica la pretensión de rebajar esos créditos, y en manera alguna por tal motivo debió mandarse tramitar la suspensión de pagos, ya que lo prohibe expresamente el precepto legal de referencia, sin que puedan invocarse de contrario los artículos 884 del Código de Comercio y 1,916 del Código Civil, porque esos artículos se refieren el uno á quiebras y el otro á concursos, estados jurídicos distintos del de suspensión de pagos y á los que cuadran perfectamente dichas disposiciones ya que en ellos el único derecho de los acreedores es el de repartirse proporcionalmente el haber del quebrado ó concursado.—3? Los artículos 740, 741 y número 1? del 744 de la Ley de Enjuiciamiento Civil, en concordancia con la doctrina sentada en las sentencias del Tribunal Supremo de España de trece de Diciembre de mil ochocientos ochenta y nueve y diez y ocho de Febrero de mil ochocientos noventa y siete, ya que como fundamento del fallo y con manifiesto error se consigna que no es materia de un incidente previo de nulidad de actuaciones la

pretensión deducida en que dió origen al recurso.—Resultando: Que la defensa de Don Tomás Jordán impugnó en el acto de la vista el recurso interpuesto, alegando una y otra parte cuanto estimaron conducente al sostenimiento de sus respectivas pretensiones.—Visto: Siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que, conforme al artículo 871 del Código de Comercio, reformado por Real Decreto de veinte y cinco de Junio de mil ochocientos noventa y siete, el comerciante que posea bienes suficientes para cubrir todo su pasivo, puede presentarse en estado de suspensión de pagos dentro de las cuarenta y ocho horas siguientes al vencimiento de una obligación que no haya satisfecho; y que, según el artículo siguiente, el Juez debe negarse á tramitar la solicitud de suspensión de pagos, si bajo cualquiera forma se pretendiera quita ó rebaja de los créditos.—Considerando: Que, según jurisprudencia sentada por el Tribunal Supremo de España, en sentencias de veinte y siete de Febrero de mil ochocientos ochenta y nueve y once de Febrero de mil ochocientos noventa y cinco, no contradichas por otra alguna, ni por la de diez y ocho de Febrero de mil ochocientos noventa y siete, sólo puede estimarse vencida y no satisfecha una obligación, cuando se ha reclamado su cumplimiento y no se ha obtenido, jurisprudencia que está en harmonía con el texto literal del artículo 871 del Código de Comercio, al reconocer al deudor comerciante el derecho de constituirse en estado de suspensión de pagos dentro de las cuarenta y ocho horas siguientes al vencimiento de una obligación que no haya satisfecho, cuyo último inciso tiene algún sentido, y éste no puede ser otro que el de la necesidad de la reclamación de la obligación vencida sin obtener su cumplimiento, pues las palabras de una Ley deben siempre entenderse de modo que produzcan algún resultado, siendo contraria á ella toda interpretación que deje sin sentido cláusula ó palabra importante de la misma, cual si el legislador hubiera hablado sin decir ni mandar nada.—Consi-

derando: Que en la sentencia recurrida se estima que de la prueba practicada no resulta haberse hecho á Don Tomás Jordán Santamaría otra reclamación que la que entraña el acto del embargo realizado el diez de Enero de mil ochocientos noventa y nueve, y dada esa apreciación de la Sala sentenciadora, que no cabe discutir en casación por no haberse fundado el recurso en el número 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, es claro que al presentarse Jordán Santamaría al día siguiente de dicho embargo en estado de suspensión de pagos lo hizo dentro de las cuarenta y ocho horas siguientes al vencimiento de una obligación que no había satisfecho, y por tanto la sentencia recurrida no infringe el artículo 871 del Código de Comercio, ni la jurisprudencia del Tribunal Supremo de España sobre el particular.—Considerando: Que Don Tomás Jordán en su instancia solicitando se le declare en estado de suspensión de pagos, consignó expresamente que pagaría la integridad de sus deudas en tres años, sin intereses, y que por tanto, no ha pretendido quita ó rebaja de sus créditos, ni tampoco de intereses vencidos, pues los intereses á que se refiere en la proposición de convenio son los de los tres años de espera que solicita, lo cual no prohibe el artículo 872 del citado Código de Comercio, que se contrae á la quita ó rebaja de los créditos existentes en la fecha en que se pide la declaratoria de suspensión de pagos, no habiéndose infringido, por tanto, dicho artículo en la sentencia recurrida.—Considerando: Que si bien la Sala sentenciadora sostiene, con manifiesto error, en uno de sus considerandos, que no es materia de un incidente previo de nulidad de actuaciones la pretensión deducida en el que dió origen á este recurso, infringiendo así los textos legales y jurisprudencia del Tribunal Supremo de España que se invocan en el tercer motivo de casación, ese error no trasciende al fallo recurrido, que es sostenible por otros fundamentos.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto por la sociedad mercantil Hernaiz y Cª, á la que condenamos en las

costas ; y devuélvanse los autos al Tribunal del Distrito de San Juan con la certificación correspondiente á los efectos oportunos.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José M.ª Figueras.—Juan Morera Martínez.—Luis de Ealo y Domínguez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, Ponente en este recurso, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á seis de Abril de mil ochocientos,—E. de J. López Gaztambide.